UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>    Plaintiff, )<br>  )<br> V. )<br>  )<br> TONY SANCHEZ, )<br>  )<br>    Defendant. ) | Criminal Action No. 5: 23-018-DCR<br><br><br><br>**NOTICE** |

*** *** *** ***

Defendant Tony Sanchez pleaded guilty to possessing 50 kilograms or more of a mixture containing marijuana with the intent to distribute it (Count 1) and possessing firearms in furtherance of drug trafficking crimes (Count 3). He was sentenced to 60 months' imprisonment on each count, to run consecutively, for a total term of imprisonment of 120 months.

During Sanchez's sentencing hearing, two points were added to his criminal history score because he committed the offenses of conviction while under a criminal justice sentence imposed by the United States District Court for the District of New Mexico, No. 2: 21-CR-1622. *See* U.S.S.G. § 4A1.1(d). As the Court noted recently, Amendment 821 to the United States Sentencing Guidelines (Part A) eliminates such "status points" for defendants like Sanchez who have six or fewer criminal history points. (U.S.S.G. Amend. 821, eff. Nov. 1, 2023).

Title 18 of the United States Code, section 3582(c)(2), provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

> Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*See also Dillon v. United States*, 560 U.S. 817, 826-27 (2010) (explaining the two-step assessment under § 3582(c)(2) for determining whether a sentence reduction is warranted).

On January 3, 2024, the Court directed the United States to respond to the question of whether (and to what extent) it believes the defendant is entitled to a sentence reduction under Amendment 821. Further, the defendant also was given an opportunity to file a reply. The United States has tendered a brief opposing any sentence reduction. Sanchez has tendered a reply asking that he be permitted to serve the remainder of his sentence in an "in-house drug treatment program followed by the remainder on home confinement."[1]

The Court must first determine whether Sanchez is eligible for a sentence reduction. During his sentencing hearing, Sanchez was determined to have a Total Offense Level of 23 and a Criminal History Category of III, resulting in an advisory guidelines range of 57 to 71 months' imprisonment. If two criminal history points are subtracted based on Amendment 821, Sanchez's Criminal History Category is reduced to II, and his amended guidelines range is reduced 51 to 63 months' incarceration.

Sanchez received a statutorily-required minimum sentence with respect to Count 3. Therefore, he is precluded from receiving a sentence reduction with respect to that count of

---

[1] The Court lacks authority to grant Sanchez's request. While the Court has discretion in determining the length and type of sentence, the Bureau of Prisons has the authority to determine the place of a defendant's confinement. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1991); 18 U.S.C. § 3621(b).

conviction. *See* 18 U.S.C. § 924(c)(1)(D)(ii) (providing that term of imprisonment imposed under § 924(c) must run consecutive to any other term of imprisonment imposed). Sanchez, however, is eligible to receive a reduction as low as 51 months with respect to the controlled substance conviction (Count 1). *See* U.S.S.G. § 1B1.10(b) (providing that the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum of the amended guidelines range).

In addressing the factors under 18 U.S.C. § 3553(a), the Court begins by considering the seriousness of the defendant's offense. Sanchez engaged in significant marijuana trafficking. He accepted a controlled delivery at his residence of 100 one-pound vacuum-sealed bags of marijuana that had been shipped from California. After Sanchez was detained, officers located a loaded 9mm semi-automatic pistol in his sofa, an AR rifle, assorted ammunition, and a significant additional amount of vacuum-sealed marijuana inside the residence. Ultimately, 136 kilograms of marijuana was attributed to Sanchez based on the marijuana at his residence and amounts Sanchez admitted to receiving on prior occasions.

Sanchez's criminal history demonstrates a lack of respect for the law and a need to provide specific deterrence. In 2017 alone, Sanchez was arrested five times for offenses including excessive speeding, reckless driving, and disregarding traffic lights. He also was cited during that period for possession of marijuana and contempt of court. Most seriously, Sanchez was convicted of conspiring to transport an illegal alien in September 2021, based on an incident in which he transported six undocumented aliens into the United States in exchange for monetary compensation. Sanchez was on supervised release for that offense when the events underlying the instant convictions occurred.

Sanchez argues that he has "taken advantage of every First Step Act programs (sic) available" and has attempted to enroll in drug treatment. But according to the Bureau of Prisons, the defendant has completed one course ("Capitalization and Punctuation") and is on the waiting list for the Drug Education Program.

The Court remains persuaded that a sentence of 60 months' imprisonment on Count 1 is necessary to provide adequate deterrence to this defendant, as well as others who may be inclined to engage in similar criminal activities. This sentence also advances the interest of the public, which requires protection from drug trafficking, particularly when firearms are involved. The previously-imposed sentence for Count 1 falls squarely within the amended guidelines range and remains minimally sufficient to promote the purposes of § 3553(a).

The Court advises the parties through this Notice that it does not intend to take unilateral action to reduce the defendant's sentence of incarceration. Accordingly, it is hereby

**ORDERED** that the Clerk of the Court is directed to provide a copy of this Notice to the defendant at his present place of incarceration, the United States, and to the United States Probation Office in Lexington, Kentucky.

Dated: February 6, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky